# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WHITE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:19-cv-00386-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Defendant Shade Tree's ("Defendant's") Motion to Dismiss, (ECF No. 7). Plaintiff Robert White ("Plaintiff") filed a Response, (ECF No. 14), and Defendant filed a Reply, (ECF No. 16). Also pending before the Court is Plaintiff's Motion for Extension of Time to Serve Defendants, (ECF No. 15). For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** *nunc pro tunc* Plaintiff's Motion for Extension of Time.

## I. BACKGROUND

This case arises from events beginning on March 5, 2017, when police officers with the Las Vegas Police Department arrived at Plaintiff's residence in response to calls about domestic violence between Plaintiff and Andria Joseph. (Compl. ¶¶ 5–28, ECF No. 1). Upon arrival, the police noted minor injuries and created a report detailing a battery offense. (*Id.* 28–60). Plaintiff alleges that he was eventually incarcerated for domestic violence, though Joseph was not. Additionally, based on the arrest and imprisonment, Defendant allegedly terminated its employment with Plaintiff. (*Id.* ¶¶ 61–62, 109–112).

On March 6, 2019, Plaintiff filed his Complaint against Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), Sherriff Joseph Lombardo, several officers with

1  the LVMPD, and Andria Joseph's estate.  Specific to Defendant, Plaintiff alleges that it
2  wrongfully terminated him as an employee and failed to properly investigate the truth of the
3  domestic violence charges, arrest, and incarceration. (*Id.* ¶¶ 109–112).

4　　　　The Court issued a summons to Plaintiff when he filed his Complaint in order for him to
5  serve it upon all Defendants within 90 days.  On June 5, 2019, the Court notified Plaintiff that
6  "this action may be dismissed without prejudice . . . unless proof of service is filed with the
7  clerk by 07/05/2019." (Not. Intent to Dismiss, ECF No. 5).  Plaintiff then filed proof of service
8  as to Defendant on July 3, 2019. (Mot. Dismiss 2:18–19, ECF No. 7).  However, in light of
9  Plaintiff's failure to serve Defendant within the 90-day window under Federal Rule of Civil
10 Procedure 4(m), Defendant filed the instant Motion seeking dismissal of Plaintiff's Complaint.
11 (*Id.* 2:19–23).  Thereafter, on August 22, 2019, Plaintiff filed his Response to Defendant's
12 Motion and a Counter-Motion for an extension of time to serve all Defendants, (ECF No. 15).

13 **II.     LEGAL STANDARD**

14　　　　Courts have broad discretion to extend time for service under Federal Rule of Civil
15 Procedure 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003).  The Supreme Court
16 has stated that the 90–day period for service contained in FRCP 4(m) "operates not as an outer
17 limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517
18 U.S. 654, 661 (1996).  Moreover, if the plaintiff shows good cause for the failure to effect
19 service within the 90-day window, "the court must extend the time for service for an
20 appropriate period." Fed. R. Civ. P. 4(m).

21 **III.    DISCUSSION**

22　　　　Defendant moves for the Court to dismiss it as a party in Plaintiff's Complaint due to
23 Plaintiff's failure to serve it within 90 days of the Complaint's filing. (Mot. Dismiss 3:2–11).
24 Defendant adds that Plaintiff has not shown good cause for his failure to comply with FRCP
25 4(m)'s requirements, and thus an extension need not be awarded. (*Id.*).  In response, Plaintiff

contends that he mistakenly thought Nevada state rules governed service of process, which would provide 120 days for service. (Resp. 3:12–15). Accordingly, Plaintiff seeks an extension of FRCP 4(m)'s deadline so that Plaintiff can be given 120 days to serve Defendant. An extension of 120 days would mean that Plaintiff's service of Defendant on July 3, 2019, is timely. (Mot. Extension 5:14–16, ECF No. 15).

The Court finds that an extension of time for Plaintiff to serve Defendant with the Complaint is appropriate. Though Defendant argues that Plaintiff has not shown good cause for an extension, courts in this District recognize that FRCP 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *Fisher v. TheVegasPackage.com, Inc.*, No. 2:19-cv-01613-JAD-VCF, 2019 WL 6828295, at *1 (D. Nev. Dec. 12, 2019) (quoting Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments). Here, Plaintiff complied with the Court's initial warning about dismissal if service did not occur by July 5, 2019. (Not. Intent to Dismiss, ECF No. 5). The ultimate delay in service was therefore minimal and far different than circumstances in other cases cited by Defendant where untimely service warranted dismissal. (Mot. Dismiss 3:17–28) (citing *Wilhelm v. Yott*, No. 3:09-cv-488-RCJ-RAM, 2010 WL 1416898, at *2 (D. Nev. Mar. 30, 2010), where the plaintiff completed service 422 days after filing the complaint.). Also, Defendant does not demonstrate sufficient prejudice for dismissal; and the prejudice to Plaintiff would be severe.

Accordingly, the Court declines to dismiss Plaintiff's Complaint based on a failure to serve Defendant within 90 days of the Complaint's filing. Moreover, the Court will extend the service requirement *nunc pro tunc* for 120 days from the Complaint's filing date of March 6, 2019. Plaintiff should recognize, however, that his *pro se* status alone will not serve as an excuse for additional failures to follow procedural rules. *Cf. Jacobsen v. Filler*, 790 F.2d 1362,

1364 (9th Cir. 1986) (stating that *pro se* litigants in an ordinary civil case should not be treated more favorably than attorneys of record in reference to procedural rules).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, (ECF No. 15), is **GRANTED** *nunc pro tunc*.

**DATED** this __18__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court