# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-00386-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Shade Tree's ("Defendant's") Motion to Dismiss, (ECF No. 35). Plaintiff Robert White ("Plaintiff") filed a Response, (ECF No. 38), and Defendant filed a Reply, (ECF No. 42). Also pending before the Court is Plaintiff's Motion for Reinstatement, (ECF No. 48). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Reinstatement.

## I.   BACKGROUND

This case arises from the Las Vegas Metropolitan Police Department's ("LVMPD's") arrest of Plaintiff for domestic violence on March 5, 2017, and Defendant's termination of its employment with Plaintiff one week later. (Compl. ¶¶ 61–62, ECF No. 1); (Mot. Reinstatement 2:4–6, ECF No. 48). Plaintiff was allegedly found not guilty for domestic violence charges after a trial on June 8, 2017. (Resp. 2:17–20, ECF No. 38); (Mot. Reinstatement 2:7).

On March 6, 2019, Plaintiff filed his Complaint against Defendant, LVMPD, Sheriff Joseph Lombardo, several officers with the LVMPD, and Adria Joseph's estate. Plaintiff alleges that Defendant Shade Tree failed to determine the truth of the domestic violence allegations and incarceration before wrongfully terminating his employment. (Compl. ¶¶ 109–112). On December 31, 2019, Defendant Shade Tree moved to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF No. 35).

1

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   **DISCUSSION**

Defendant Shade Tree moves for the Court to dismiss Plaintiff's fifth cause of action for wrongful termination because it "fails as a matter of law" under the facts alleged in the Complaint. (Mot. Dismiss 2:6–8, ECF No. 35).  As discussed below, the Court agrees that dismissal is appropriate.

### A. Motion to Dismiss

In the Complaint, Plaintiff does not allege what type of employment relationship he had with Defendant.  However, Defendant claims the employment relationship was "at-will," (Mot.

Dismiss 3:12–13), meaning that Defendant could terminate Plaintiff for any reason that does not violate the public policy of the state. *See D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991).  Because Plaintiff does not refute the at-will nature of employment, (see generally Resp., ECF No. 38), and because "Nevada employees are presumed to be at will," the Court's present analysis proceeds on the basis that an at-will employment relationship existed between Plaintiff and Defendant. *See Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD, 2015 WL 4477697, at *3 (D. Nev. July 20, 2015).

Nevada severely limits the grounds on which a wrongful termination claim can exist when concerning an at-will employment relationship—it exists only in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989).  For example, a wrongful termination claim could exist if an employer fired an at-will employee for filing a workmen's compensation claim, performing jury duty, refusing to violate the law, whistle blowing, or refusing to work under unreasonably dangerous conditions. *See D'Angelo*, 819 P.2d at 212, 216; *Allum v. Valley Bank of Nevada*, 970 P.2d 1062, 1066 (Nev. 1998).  Aside from these identified grounds, however, the Nevada supreme court has not announced other circumstances where a wrongful termination claim could exist. *See Brown v. Eddie World, Inc.*, 348 P.3d 1002, 1005 (Nev. 2015) (declining to recognize a common law cause of action for third-party retaliatory discharge in violation of public policy); *Sands Regent*, 777 P.2d at 900 (holding that age discrimination is not sufficiently compelling to warrant another exception to the at-will employment doctrine).

Here, Plaintiff alleges that Defendant wrongfully terminated him based upon false charges of domestic violence and the corresponding arrest by LVMPD. (Compl. ¶ 110). Plaintiff further alleges that Defendant "failed to investigate or determine the merits of the allegations prior to terminating Plaintiff from employment." (*Id.* ¶ 111).  However, these

allegations do not support a wrongful termination claim.  Defendant's conduct does not fall into one of the already-recognized public policy grounds that prevent termination of an at-will employee, such as the termination of an employee for filing a workmen's compensation claim, performing jury duty, refusing to violate the law, whistle blowing, or refusing to work under unreasonably dangerous conditions. *See D'Angelo*, 819 P.2d at 212, 216; *Allum*, 970 P.2d at 1066.  And Plaintiff does not identify any public policy reason that would prevent Defendant from relying on a police department's arrest or charges as a reason to terminate an at-will employee, even if those charges are later proven untrue. *See, e.g.*, *State v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 42 P.3d 233, 240 (Nev. 2002) (explaining that an employer can terminate an at-will employee "whenever and for whatever cause" without giving rise to liability on the part of the employer, unless the employee establishes "outrageous conduct that violates public policy").

Because termination from at-will employment based upon an arrest for domestic violence does not constitute a violation of strong and compelling public policy in Nevada, Plaintiff's alleged facts in the Complaint do not support a plausible claim for wrongful termination as a matter of law.  Accordingly, the Court grants Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

**B. Leave to Amend**

The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight*

---

[1] Because no actionable claim exists against Defendant Shade Tree, Plaintiff's Motion for Reinstatement, (ECF No. 48), necessarily fails.

*Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

As explained above, Plaintiff's alleged facts in the Complaint cannot support a claim for wrongful termination. Because the deficiencies in the Complaint arise as a matter of law, amendment of the Complaint would be futile. *S. Nevada v. Universal Underwriters Ins. Co.*, No. 2:15-CV-00046-GMN, 2015 WL 4874389, at *7 (D. Nev. Aug. 13, 2015). Accordingly, the Court dismisses Plaintiff's fifth cause of action as to Defendant Shade Tree with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 35), is **GRANTED**. Plaintiff's fifth cause of action as to Defendant Shade Tree is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reinstatement, (ECF No. 48), is **DENIED**.

Dated this 11 day of July, 2020

_____
Gloria M. Navarro, District Judge
United States District Court