UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT WHITE,                           )
                                        )
            Plaintiff,                  )   Case No.: 2:19-cv-00386-GMN-NJK
    vs.                                 )
                                        )   **ORDER**
LAS VEGAS METROPOLITAN POLICE           )
DEPARTMENT, *et al.*,                   )
                                        )
            Defendants.                 )
                                        )

Pending before the Court is the Motion for Summary Judgment, (ECF No. 51), filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"). Plaintiff Robert White ("Plaintiff") filed a Response, (ECF No. 54). LVMPD did not file a reply. For the reasons discussed below, the Court **GRANTS in part** and **DENIES as moot in part** LVMPD's Motion.

I.  **BACKGROUND**

This case arises from events beginning on March 5, 2017, when Officer Richards and Officer Frost, from the LVMPD, arrived at Plaintiff's residence in response to calls concerning a domestic violence incident between Plaintiff and his then-girlfriend Adria Joseph ("Joseph"). (Domestic Violence Report, Ex. A to Mot. Summ. J. ("MSJ"), ECF No. 51-1). Both Plaintiff and Joseph claimed that the other had committed a domestic battery against them. (White Dep. 17:14-23, Ex. B to MSJ, ECF No. 51-2). Upon arrival, the police noted injuries sustained by both Plaintiff and Joseph and created a report detailing a battery offense. (Domestic Violence Report, Ex. A to MSJ). Plaintiff alleged that Joseph instigated the conflict and eventually slapped him in the face, causing his contact lens to shatter and scratch his eye. (White Dep. 17:10–18, 23:9–12). Joseph admitted that she provoked the fight, but claimed that plaintiff

struck her in the head multiple times. (Domestic Violence Report, Ex. A to MSJ).  While the officers concluded that Plaintiff and Joseph both committed a battery against each other, they eventually arrested Plaintiff as the primary aggressor because Joseph appeared to have more significant injuries. (*Id.*). (*See also* Joseph Injury Photos, Ex. C to MSJ, ECF No. 51-3); (White Injury Photos, Ex. D to MSJ, ECF No. 51-4).

On March 6, 2019, Plaintiff filed his Complaint against Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), Sherriff Joseph Lombardo, Officer Richards, Angelic Anderson-Crook, Adria Joseph's estate, and Shade Tree, Plaintiff's former employer. (*See generally* Compl., ECF No. 1).  Plaintiff asserts four causes of action: (1) negligence against all Defendants; (2) *Monell* claim for municipal liability pursuant to 42 U.S.C. § 1983 against LVMPD and Sheriff Lombardo; (3) violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Officers Richards and Frost; (4) wrongful termination against Shade Tree. (Compl. ¶¶ 90–112).  On July 11, 2020, the Court dismissed with prejudice Plaintiff's cause of action against Shade Tree. (*See* Order, ECF No. 50).  Defendant LVMPD now moves for summary judgment with regards to the negligence and § 1983 claims against Officers Richards and Frost, as well as the *Monell* claim against LVMPD. (Mot. Summ. J. ("MSJ") 2:7–21, ECF No. 51).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount

of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

As an initial matter, the Court has already dismissed Officer Richards and Officer Frost from this action for Plaintiff's failure to effect timely service. (*See* Order, ECF No. 57). Accordingly, the Court denies as moot LVMPD's Motion with respect to Plaintiff's claims for

Fourth Amendment false arrest and negligence against the two officers.[1]  The Court will now address Plaintiff's only remaining cause of action against LVMPD: *Monell* claims brought under 42 U.S.C. § 1983. (Compl. ¶¶ 96–102).

Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  To bring a successful § 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).  Moreover, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Pursuant to *Monell,* municipalities can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  As explained by the Ninth Circuit, a litigant may recover from a municipality under § 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).  "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)).  "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.*  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250

---

[1] On December 18, 2019, the Court extended the service requirement deadline from within 90 days of the Complaint's filing to within 120 days. (*See* Order, ECF No. 32).  Nonetheless, Plaintiff still failed to properly serve Sheriff Lombardo.  Therefore, the Complaint is **DISMISSED** without prejudice against Sheriff Lombardo pursuant to Federal Rule of Civil Procedure 4(m).

(quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).  These three theories are sometimes referred to as (1) commission, (2) omission, and (3) ratification, respectively. *See, e.g.*, *Aranda v. City of McMinnville*, 942 F.Supp.2d 1096, 1109 (D. Or. 2013).

In order to withstand summary judgment in a § 1983 claim against a municipal entity, a plaintiff must offer enough evidence to create a genuine issue of material fact as to both the existence of a constitutional violation and municipal responsibility for that violation. *See Monell*, 436 U.S. at 690–91.  Here, Plaintiff alleges his *Monell* claims against LVMPD under each of the three theories of municipal liability. (Compl.¶ 97) (alleging that the arresting officers' actions "were pursuant to . . . customs, policies, practices, and/or procedures of LVMPD [or were] directed, encouraged, allowed and/or ratified by policy-making officers of LVMPD.").  However, none of these allegations contain any factual support or rise above the level of conclusory recitations of the three theories. (*See id.* ¶¶ 96–102).  Moreover, Plaintiff's Response to LVMPD's Motion for Summary Judgment failed to present sufficient evidence establishing his *Monell* claims under a theory of commission, omission, or ratification. (*See* Resp. 18:4–19:11, ECF No. 54).  The only arguments Plaintiff offers in support of his *Monell* claim are that LVMPD has policies of (1) using excessive force; (2) failing to use generally accepted law enforcement procedures; (3) covering up violations of constitutional rights; (4) allowing a 'code of silence' whereby a member of the department does not provide adverse information against a fellow officer; (5) using improper procedures to handle complaints of officer misconduct; (6) failing to properly train officers; (7) withholding evidence; and (8) "arresting the male in a mutual domestic situation." (Compl. ¶ 97); (Resp. 18:22–27).

However, none of these arguments have sufficient support in the record to avoid summary judgment in favor of LVMPD.  Besides Plaintiff's mere allegations surrounding the factual circumstances in his Complaint, Plaintiff provides no evidence of the formal existence of these allegedly unconstitutional policies.  Nor does Plaintiff suggest their informal existence

by pointing to examples of other instances of these policies' implementation. *See Gillette*, 979 F.2d at 1359 (plaintiffs may attempt to prove the existence of an informal policy with "evidence of repeated constitutional violations for which the errant municipal officers were not charged or reprimanded").  Additionally, Plaintiff fails to present any evidence regarding crucial elements of his allegations, such as the duration of the alleged policies or that any official helped to formulate or was even aware of the alleged policies. *See Gillette*, 979 F.2d at 1349 (upholding summary judgment on a *Monell* claim because plaintiff failed to present "any evidence as to how long this alleged informal policy existed," or "that the City Manager or the City Council helped formulate or were aware that any such informal policy existed."). Accordingly, Plaintiff's unsubstantiated allegations of various allegedly unconstitutional policies are insufficient for his *Monell* claim regarding a custom or policy to survive summary judgment.

   Another way a plaintiff may demonstrate municipal liability for a constitutional violation is by showing that the violation occurred as a result of inadequate training on the part of the municipality. *Herrera v. Las Vegas Metropolitan Police Dept.*, 298 F.Supp.2d 1043, 1052 (D. Nev. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, (1989)). "In order to establish a claim under § 1983 due to inadequate training, the [plaintiff] must provide evidence from which a reasonable jury could find that there was an inadequate training program, and that the [defendant] was deliberately indifferent to whether its officers received adequate training." *Herrera*, 298 F.Supp.2d at 1052.  There must be actual causation between the inadequate training and the deprivation of the plaintiff's rights. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir.1989).  Here, while Plaintiff contends that LVMPD fails to properly train its officers, he does not allege any facts, or provide any evidence, regarding the officers' training. (Compl. ¶ 97).  To the contrary, LVMPD presents evidence detailing the extensive training completed by both Officer Richards and Officer Frost.

(Richards' Training History, Ex. E to MSJ, ECF No. 51-5); (Frost's Training History, Ex. F to MSJ, ECF No. 51-6). Thus, Plaintiff offers no evidence from which a reasonable jury could find that there was an inadequate training program or that the LVMPD was deliberately indifferent to whether their officers received adequate training.  As such, the Court grants LVMPD's Motion for Summary Judgment with regards to Plaintiff's municipal liability claim.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that LVMPD's Motion for Summary Judgment, (ECF No. 51), is **GRANTED in part** and **DENIED as moot in part**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** as to Defendant Sheriff Joseph Lombardo

**DATED** this __22__ day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court